IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:18-CR-128-D |
| | § | |
| ESMERVI CARONE RODRIGUEZ | § | |

MOTION TO SUPPRESS WITH BRIEF IN SUPPORT

Defendant ESMERVI CARONE RODRIGUEZ asks this Court to suppress all evidence (including statements and alleged contraband) obtained as a result of an unlawful stop of his vehicle on October 3, 2018. In support of this Motion, Mr. Rodriguez shows the court as follows:

I. Background & Introduction

On October 3, 2018, around noon, Texas Department of Public Safety Corporal Darrin Bridges stopped a vehicle driven by Mr. Rodriguez. Corporal Bridges would later claim he observed a violation of Texas Transportation Code § 545.062. That statute provides, in relevant part:

> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

On the day in question, the sun was shining, conditions were dry, and Interstate 40 was not particularly busy. Officer Bridges's incident report admits that Mr. Rodriguez was driving within the speed limit and was maintaining an adequate distance of "approxiamtely 2 seconds" between his vehicle and the one in front of him. At the time, the shoulders of the highway were clear and there were no cars in the left lane. There were no obstructions in the roadway and all drivers were able to maintain speeds of 70–75 miles per hour (or in Trooper Bridges case, even faster) without applying

their brakes. The evidence does not support an inference that Mr. Rodriguez would be unable to avoid colliding with the vehicle in front of him.

Because the officer lacked reasonable suspicion of a traffic violation, the stop was unlawful. The resulting evidence and statements should be suppressed as fruit of the unlawful seizure.

## II. Argument & Authority

This Court should suppress all evidence gathered as a result of the stop because: (1) Mr. Rodriguez did not violate Texas traffic law; (2) the officer did not have an objectively reasonable basis to believe that he did. *See United States v. Brigham*, 382 F.3rd 500, 506 (5th Cir. Tex. 2004) (explaining that a traffic stop is a Fourth Amendment "seizure" that must be justified by probable cause or reasonable suspicion); *see also Brinegar v. United States*, 338 S. Ct. 160, 176 (U.S. 1949) (holding an officer's mistake of fact can salvage an otherwise unlawful stop only if it is objectively reasonable).

### A. Trooper Bridges did not have reasonable suspicion that Mr. Rodriguez violated a traffic law.

A review of the evidence reveals no barriers on the roadway, no construction, light traffic and clear conditions on the road way. Mr. Rodriguez maintained enough distance from the car in front of him that approximately 2 seconds elapsed between when that vehicle passed a fixed point and when Mr. Rodriguez's passed that point. Mr. Rodriguez would have been able to stop without colliding with the vehicle in front of him or veering into any other obstruction. There was no traffic violation and therefore no objectively reasonable basis to stop his vehicle.

Nothing in the evidence provided by the Government suggests that Trooper Bridges had articulable facts that would reasonably suggest a violation of law was afoot.

**B. Because the Government obtained statements and evidence as a result of the unlawful stop, those should be suppressed.**

Because the initial decision to stop was unlawful, all evidence obtained as a result of that stop should be excluded as fruit of the poisonous tree. No exceptions to the exclusionary rule are available on these facts.

### III. Prayer

For these reasons, Mr. Rodriguez respectfully prays that this Court hold an evidentiary hearing to determine the admissibility of the evidence complained of and, at the conclusion of the hearing, exclude from admission as evidence at trial of this cause, the seized contraband, evidence, photographs, and any statements by Mr. Rodriguez.

Respectfully submitted,

JASON A HAWKINS
Federal Public Defender
Northern District of Texas

  /S/ C.J. McElroy
  C.J. MCELROY
Assistant Federal Public Defender
Texas Bar No. 13581995
500 S. Taylor Suite 110
Amarillo, Texas  79101
Phone (806) 324-2370
E-mail cj_mcelroy@fd.org
**Attorney for Esmervi Carone Rodriguez**

## CERTIFICATE OF CONFERENCE

I C.J. McElroy, certify that I conferred with Assistant U.S. Attorney Anna Bell. The government opposes the relief requested.

  /S/ C.J. McElroy
C.J. McElroy

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to Assistant U.S. Attorney Anna Bell, the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

  /S/ C.J. McElroy
C.J. McElroy